## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **Al Gammarino, et al.** | : | **Court of Appeals Case No. 24-3149** |
| | | **District Court Case No. 1:22CV200** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **Sycamore Township, OH, et al.** | : | |
| **Defendants.** | : | |

## DEFENDANTS' MOTION FOR LIMITED REMAND FOR CONSIDERATION OF PLAINTIFFS' REQUEST FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL

On January 22, 2024, the District Court issued an Opinion and Order (Doc. No. 18, PageID 438-462), denying Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. No. 13). That order dismissed the action with prejudice and directed the Clerk to issue a judgment terminating the case, which occurred the same day. (Doc. No. 19, PageID 463.) Pursuant to Fed. R. App. P. 4(A)(1)(a), Plaintiffs had thirty (30) days, until February 21, 2024, to file a notice of appeal from that Order and Judgment.

In the evening of February 22, 2024, one day after the time to file a notice of appeal had already expired, Plaintiffs filed a document entitled "Plaintiffs' Notice of Appeal to the US Sixth Circuit of Appeals; Request for Extension." (Doc. No. 20.) Within the body of that filing, Plaintiffs presented a single sentence apparently in support of their requested extension of time providing: "The Plaintiffs request an extension of time for seven days due to a death in the Plaintiffs' counsel's family and three other individuals diagnosed with diseases that are life threatening to the remaining three individuals." The filing did not provide any further details regarding these issues, did not include any attachments or evidence supporting these claims, did

not cite to Fed. R. App. P. 4(a)(5), and did not contain any reference as to how the requested extension of time was supported by either good cause or excusable neglect. (*Id.*)

The Sixth Circuit has recognized that a late filed notice of appeal, such as the document submitted by Plaintiffs, is insufficient to invoke its jurisdiction. *Young v. Kenney*, 949 F.3d 995, 996-97 (6th Cir. 2020). "The timing requirements to file a notice of appeal are mandatory jurisdictional prerequisites that generally may not be waived." *Id.* at 996 (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). However, the Sixth Circuit has also recognized that district courts must liberally construe filings such as the document submitted by Plaintiffs that inarticulately raise a request for additional time within an untimely notice of appeal as a motion for extension of time under Fed. R. App. P. 4(a)(5). *Young*, 949 F.3d at 997.

Thus, a limited remand of this matter is appropriate so that the District Court can determine whether Plaintiffs can establish excusable neglect or good cause to warrant an extension of time for filing a notice of appeal. *Id.* Furthermore, this appeal should be held in abeyance while the matter is on limited remand. *Id.*

Respectfully submitted,

/s Jared A. Wagner
JANE M. LYNCH (0012180)
JARED A. WAGNER (0076674)
GREEN & GREEN, Lawyers
800 Performance Place
109 North Main Street
Dayton, Ohio 45402
Telephone: 937.224.3333
jmlynch@green-law.com
jawagner@green-law.com

*Attorneys for Defendants Sycamore Township, Tom James, Jim Labarbara, Tom Weidman, Skylor Miller, Kevin Clark, Robert Porter, and Ray Warrick*

2



GREEN
GREEN
LAWYERS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served upon counsel of record for Plaintiffs, Robert G. Kelly, 4353 Montgomery Road, Norwood, Ohio 45212, kelly@rgkellylaw.com, through the Court's electronic filing system and electronic mail on this the 1st day of March 2024.

/s Jared A. Wagner
Jared A. Wagner (No. 0076674)



G R E E N
G R E E N
L A W Y E R S